UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

Plaintiff,

v.

RATAN BAID and VIVEK BAID,
d/b/a ELD MANDATE,

Defendants.

Case No. 24-cv-10297

District Judge Steeh

Magistrate Judge Grand

---

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FEDERAL RULE 12(B)(6)**

---

Defendants Ratan Baid and Vivek Baid, named as d/b/a ELD Mandate (collectively "Defendants"), respectfully move to dismiss Plaintiff Mark W. Dobronski's complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Pursuant to Local Rule 7.1(a), on April 4, 2024, an associate with counsel for Defendants called Plaintiff and sent him an e-mail in an effort to explain the nature of, legal basis for, and the remedies sought in Defendants' motion to dismiss. Defendants did not receive a response, which indicates that Plaintiff does not agree to the relief sought in Defendants' motion or to the grounds on which Defendants' motion is based.

Dated: April 8, 2024

Respectfully submitted,

Ratan Baid and Vivek Baid
d/b/a ELD Mandate

/s/ *Isaac J. Colunga*
Isaac J. Colunga (Ill. ARDC # 6289253)
(Admitted E.D. Mich.)
Benjamin S. Morrell (Ill. ARDC
# 6341896)
(Admitted E.D. Mich.)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
icolunga@taftlaw.com
bmorrell@taftlaw.com

*Counsel for Defendants*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .............. **ERROR! BOOKMARK NOT DEFINED.**

ISSUES PRESENTED ...................................................................................1

I.     BACKGROUND ...............................................................................2

II.    LEGAL STANDARD ......................................................................6

III.   ARGUMENT .....................................................................................7

    A.   Dismissal is proper because Dobronski fails to plausibly allege direct or vicarious liability against the individual Defendants ...........7

        1.   Dobronski's allegations do not sufficiently allege direct liability. ....................................................................................7

        2.   Dobronski's allegations do not sufficiently allege vicarious liability ...................................................................8

    B.   Count I should be dismissed because Dobronski was not charged for the calls he received and because Dobronski does not plausibly allege that Defendants called a wireless telephone line. ..........................................................................................11

    C.   Counts II and VI should be dismissed because Dobronski's business fax number is not a residential telephone number and because business numbers cannot be registered on the National Do Not Call Registry. .........................................................................12

    D.   Counts III and V should be dismissed because the cited regulations apply only to residential numbers and because the cited regulations cover only calls made without implementing proper procedures .............................................................................15

    E.   Count IV should be dismissed because there is no private right of action under the cited regulation ...................................................16

IV.    CONCLUSION ...............................................................................16

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................... 5, 6

*Bank v. All. Health Networks, LLC*,
  No. 15-CV-213 (JG)(VMS), 2015 WL 4645317 (E.D.N.Y. Aug. 4,
  2015) ........................................................................................................ 9

*Bank v. Indep. Energy Grp. LLC*,
  No. 12-CV-1369 (JG)(VMS), 2015 WL 4488070 (E.D.N.Y. July
  23, 2015) ................................................................................................ 14

*Barton v. LeadPoint, Inc.*,
  No. 22-35130, 2023 WL 4646103 (9th Cir. July 20, 2023) (mem.
  op.) ......................................................................................................... 13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................... 5, 6

*Bundy v. Fed. Nat'l Mortg. Assoc.*,
  No. 10-12678, 2011 WL 977531 (E.D. Mich. Feb. 25, 2011) ............ 2

*Childress v. Liberty Mut. Ins. Co.*,
  No. 17-CV-1051 ...................................................................................... 8

*Daniel v. West Asset Mgmt., Inc.*,
  No. 11-10034, 2011 WL 3207790 (E.D. Mich. Jul. 27, 2011) .......... 11

*DirectTV, Inc. v. Treesh*,
  487 F.3d 471 (6th Cir. 2007) ................................................................ 6

*Dobronski v. Family First Life, LLC*,
  No. 2:22-cv-12039, 2024 WL 575858 (E.D. Mich. Jan. 19, 2024) ............ vii, 15

*Dobronski v. NPS, Inc.*,
  No. 356617, 2022 WL 1194212 (Mich. Ct. App. Apr. 21, 2022) ....................... 7

*Hames v. Sepanek*,
  2013 WL 5235567 (E.D. Ky. Sept. 17, 2013) ...................................................2

*Hamilton v. Voxeo Corp.*,
  Nos. 3:07-cv-404, 3:08-cv-279, 2009 WL 1868542 (S.D. Ohio
  June 25, 2009) ...................................................................................................14

*Johanson v. HomeAdvisor, Inc.*,
  218 F. Supp. 3d 577 (S.D. Ohio 2016) .............................................................10

*Keating v. Peterson's Nelvet, LLC*,
  615 F. App'x 365 (6th Cir. 2015) .......................................................................9

*Kensu v. Corizon, Inc.*,
  5 F.4th 646 (6th Cir. 2021) .................................................................................6

*Lamay v. Balcarel*,
  No. 2:13-CV-10482, 2013 WL 4053203 (E.D. Mich. Aug. 12,
  2013) ...................................................................................................................2

*Melito v. Am. Eagle Outfitters, Inc.*,
  Nos. 14-CV-02440 (VEC), 15-CV-00039 (VEC), 15-CV-02370
  (VEC), 2015 WL 7736547 (S.D.N.Y. Nov. 30, 2015) ........................................7

*Murray v. Choice Energy, LLC*,
  No. 1:15-cv-60, 2015 WL 4204398 (S.D. Ohio July 10, 2015) .........................10

*Nieto v. Allied Interstate, Inc.*,
  No. CCB-13-3495, 2014 WL 4980376 (D. Md. Oct. 3, 2014), *aff'd
  sub nom. Nieto v. Allied Interstate, LLC*, 599 F. App'x 74 (4th Cir.
  2015) ..................................................................................................................11

*Reo v. Caribbean Cruise Line, Inc.*,
  No. 1:14 CV 1374, 2016 WL 1109042 (N.D. Ohio Mar. 18, 2016) ...................9

*In the Matter of Rules & Reguls. Implementing the Tel. Consumer
  Prot. Act of 1991*,
  20 F.C.C. Rcd. 3788 (2005)...............................................................................12

*Shelton v. Target Advance LLC*,
  No. 18-2070, 2019 WL 1641353 (E.D. Pa. Apr. 16, 2019) ...............................13

*Simmons v. Charter Commc'ns, Inc.*,
222 F. Supp. 3d 121 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d
Cir. 2017) ...............................................................................................15

*Thomas v. Taco Bell Corp.*,
582 F. App'x 678 (9th Cir. 2014) ......................................................10

**Statutes**

M.C.L. § 445.111a(5)...............................................................................12

Telephone Consumer Protection Act..............................................*passim*

**Other Authorities**

47 C.F.R. 1200(a)(1)(iii) ..........................................................................12

47 C.F.R. § 64.1200(a)(1)(iii) ..................................................................10

47 C.F.R. § 64.1200(a)(7)(i) .....................................................................15

47 C.F.R. § 64.1200(c)(2) .........................................................................12

47 C.F.R. § 64.1200(d) .........................................................................14, 15

47 C.F.R. § 64.1200(d)(6) and (d)(1) .......................................................14

Fed. R. Civ. P. 8(a)(2)................................................................................5

Fed. R. Civ. P. 12(b)(6)..........................................................................2, 5

## ISSUES PRESENTED

1.   Whether Plaintiff has pleaded plausible facts demonstrating that either of the named Defendants are directly or vicariously liable for any alleged calls in violation of the TCPA.

2.   Whether Count I plausibly alleges Dobronski was charged for the calls he received or that Defendants called a wireless telephone line.

3.   Whether Counts II and VI plausibly allege that calls were made to a residential telephone number.

4.   Whether Counts III and V plausibly allege that calls were made to a residential telephone number or that calls were made without implementing proper procedures.

5.   Whether Count IV asserts a claim for which a private right of action exists.

## <u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>

## I.     BACKGROUND

Mark Dobronski is a routine *pro se* litigant who has made a business out of suing companies for violating the Telephone Consumer Protection Act ("TCPA"). In this District alone, Dobronski has filed over 40 TCPA lawsuits, using multiple phone numbers and what other courts have recognized as "sophisticated telephone answering and recording equipment." *Dobronski v. Family First Life, LLC*, No. 2:22-cv-12039, 2024 WL 575858, at *7 (E.D. Mich. Jan. 19, 2024). As part of his TCPA lawsuit business, Dobronski often utilizes what he calls a "canary trap," whereby Dobronski feigns interest in a product and provides callers with false names, false addresses, and "controlled credit card information." (Dkt. # 1, Compl. ¶¶ 79, 82). This practice typically triggers follow-up calls to the particular phone number alleged in his lawsuits. In this particular lawsuit, Dobronski alleges he received calls to phone number 734-641-2323. (*Id.* ¶¶ 31-34). Dobronski obscured this phone number in his complaint, (*id.*), although it is widely and publicly available.[1]

---

[1] Courts may take judicial notice of publicly available information when deciding a motion brought under Rule 12(b)(6). *Bundy v. Fed. Nat'l Mortg. Assoc.*, No. 10-12678, 2011 WL 977531, at *2 (E.D. Mich. Feb. 25, 2011) (citing *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)); *Lamay v. Balcarel*, No. 2:13-CV-10482, 2013 WL 4053203, at *3 n.5 (E.D. Mich. Aug. 12, 2013) ("Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice."); *Hames v. Sepanek*, 2013 WL 5235567, at *1 n.1 (E.D. Ky. Sept. 17, 2013) (noting

Outside of his TCPA lawsuit business, Dobronski holds himself out as the President and Chief Executive Officer of the "Adrian & Blissfield Rail Road Company." (Dobronski LinkedIn Profile, attached as **Exhibit 1**). Publicly available sources describe Adrian & Blissfield as a "freight shipping Trucking Company" based in Westland, Michigan, registered with the U.S. Department of Transportation (USDOT Reg. 2427658), and using a business fax number of "734-641-2323." (PartnerCarrier.com, sourcing information from Federal Dep't of Trans., attached as **Exhibit 2**). According to the Federal Communications Commission public application filings, Mark Dobronski applied for a radio license for Adrian & Blissfield and listed the business fax number on his federal application as "734-641-2323." (FCC Licensing results attached as **Exhibit 3**). Significantly, this business fax number is the same phone number Dobronski alleges in the instant complaint to be his "residential telephone number." (Dkt. # 1, Compl. ¶¶ 32, 33, 34). Beyond that, this same business fax number is used for other businesses connected to Dobronski.

Publicly available sources show that Dobronski's alleged phone number, 734-641-2323, is also held out as a business fax number for a company called "Teletech Inc." (AllBiz search results attached as **Exhibit 4**). The President of Teletech Inc. is listed as Susan Dobronski, and the business address for Teletech Inc. is 38235 N.

---

that "[r]ecords and information located on government websites are self-authenticating" and thus can be judicially noticed").

3

Executive Drive, Westland, MI 48185. (*Id.*). This is the same business address for Dobronski's trucking company, Adrian & Blissfield. (*See* Exhibit 3). It is also the same address for yet another company that Dobronski manages, called "Railtech, LLC," which is engaged in the business of "construction of buildings." (AllBiz search results attached as **Exhibit 5**). The business fax number for Railtech, LLC is, once again, 734-641-2323.

With respect to the phone number itself, the business fax number 734-641-2323 is a Voice over Internet Protocol ("VoIP") number provided by Band-width.com. (NumLookup results attached as **Exhibit 6**). This subscription-based service does not charge per phone call. Numbers assigned to a VoIP utilize the internet to send and receive telephone calls, which is not the same as using a traditional cellular telephone service.

Despite publicly listing and using 734-641-2323 as the fax number for three different businesses, Dobronski alleges that the number is his "residential" telephone number and that it is registered on the National Do Not Call Registry. (Dkt. # 1, Compl. ¶¶ 31, 32). He alleges that he is the "customary user of the called telephone line," that he was the actual recipient of the calls at issue in this complaint, and that he suffered an invasion of privacy. (*Id.* ¶ 37). He also alleges generally that his residential and cellular telephones "have been besieged with telemarketing calls hawking such things as alarm systems, Google listings, automobile warranties, health

4

insurance, life insurance, credit cards, and even financial miracles from God." (*Id.* ¶ 30).

Furthermore, despite Dobronski naming two individuals as Defendants, Ratan Baid and Vivek Baid, his complaint is completely devoid of allegations showing how those two individuals had any sort of direct or personal participation in the calls at issue, or even personally authorized the calls at issue. In fact, the only allegations seeming to touch upon this problem are, in reality, a lengthy set of legal conclusions, citing caselaw and purporting to state how corporate actors could be held individually liable under the TCPA. (*Id.* ¶¶ 46-49). But again, none of these allegations address or speak to the actual conduct of the individual defendants, much less the unnamed third-party entity or other people who, allegedly, may have placed calls.

Against this vague backdrop, Dobronski next includes a section that he titled "The Scheme," which consists of conclusory and purely speculative statements that lump Defendants together and allege: "Defendants either directly, or through contracted third-party telemarketers [] initiate telephone calls *en masse* using automated telephone dialing systems . . . to solicit consumers to purchase Defendants' products or services." (*Id.* ¶ 57). Dobronski goes on, alleging that the individual Defendants "Vivak and Ratan" authorized and controlled the telephone solicitation activities "by accepting profits" from sales of products and services. (*Id.* ¶ 60). This is the extent of Dobronski's supposed "scheme." Dobronski further alleges that "Defendants are

engaged in marketing an electronic logging device system and related services to truckers." (*Id.* ¶ 55). Dobronski avoids the truth, however, which is that Defendants sell products solely to businesses in the trucking and transportation industry. Defendants do not sell and have never sold products or services to consumers.

## II.   LEGAL STANDARD

For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (cleaned up); *see* Fed. R. Civ. P. 8(a)(2), 12(b)(6). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (cleaned up). A complaint's factual allegations are plausible if they "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In ruling on a motion to dismiss, the Court must accept all well pleaded facts as true and draw all permissible inferences in favor of the plaintiff. *Iqbal*, 556 U.S. at 678. But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted). The same goes for "unwarranted factual inferences." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Additionally,

dismissal is proper where "the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021).

### III.   ARGUMENT

**A.   Dismissal is proper because Dobronski fails to plausibly allege direct or vicarious liability against the individual Defendants.**

Dobronski asserts claims against Ratan Lal Baid and Vivek Baid, individually, doing business as the caller, ELD Mandate. However, Dobronski fails to sufficiently allege that either Ratan Baid or Vivek Baid are directly or vicariously liable for any of the calls in this case.

#### 1.   Dobronski's allegations do not sufficiently allege direct liability.

To state a claim for direct liability in a TCPA suit (and setting aside vicarious liability for the moment), it is well-settled that a "seller is not directly liable for a violation of the [TCPA] unless [the seller] initiates a call." *Dobronski v. NPS, Inc.*, No. 356617, 2022 WL 1194212, at *4 (Mich. Ct. App. Apr. 21, 2022). In this case, Dobronski has not specifically alleged that either Ratan Baid or Vivek Baid made the calls at issue. Rather, Dobronski refers to the two individual Defendants along with possible "third-party telemarketers [sic] centers" as the callers. (Dkt. # 1, Compl. ¶ 61). And when alleging details about specific calls, Dobronski specifically refers to "the telemarketer" (*id.* ¶¶ 67, 68), the "female telemarketer" (*id.* ¶¶ 77, 80), or an individual named "Quentin" (*id.* ¶¶ 81, 86, 104, 116-119). There are no

allegations—other than vague and conclusory statements—from which the Court can glean that the individual Defendants, Ratan Baid or Vivek Baid, had anything to do with the alleged calls in this case. Based on these allegations, neither Ratan Baid nor Vivek Baid can be held directly liable under the TCPA.

**2.    Dobronski's allegations do not sufficiently allege vicarious liability.**

It's the same story for vicarious liability. While the TCPA contemplates that a seller may be held vicariously liable under traditional agency principles for statutory violations, a plaintiff must allege enough to support the agency relationship; vague and conclusory statements will not suffice. *Melito v. Am. Eagle Outfitters, Inc.*, Nos. 14-CV-02440 (VEC), 15-CV-00039 (VEC), 15-CV-02370 (VEC), 2015 WL 7736547, at *5 (S.D.N.Y. Nov. 30, 2015) (dismissing TCPA claim based on vicarious liability and holding the "[p]laintiffs must allege some facts regarding the relationship between an alleged principal and agent (or an alleged agent and sub-agent) and cannot simply allege general control in a vacuum.").

Here, outside of legal conclusions and vague references, Dobronski does not allege facts plausibly alleging that the individual Defendants, Ratan Baid or Vivek Baid (the only named Defendants), controlled or directed any third-party callers. Nor does Dobronski allege facts showing how, when, or to what level Ratan Baid or Vivek Baid had any involvement in either making the calls that Dobronski received or directing the content of whatever third-party telemarketing may have occurred.

There are no allegations concerning who wrote the scripts or the policies that whatever telemarketer may have used or kept in his or her possession, and there are no allegations to plausibly allege that Ratan Baid or Vivek Baid had any contractual, fiduciary, or other relationship with any third-party callers. And there certainly are no allegations regarding the right to control any of the supposed agents' conduct.

This fatal deficiency thus requires dismissal of all claims against Ratan Baid and Vivek Baid to the extent those claims are based on vicarious liability. *See, e.g.*, *Childress v. Liberty Mut. Ins. Co.*, No. 17-CV-1051 MV/KBM, 2018 WL 4684209, at *4 (D.N.M. Sept. 28, 2018) (dismissing TCPA vicarious liability claim where complaint lacked "any factual content regarding the relationship between the initial caller and [d]efendant" and finding it insufficient to allege calling equipment belonged to defendant or that the initial call was transferred to in-house telemarketer); *Reo v. Caribbean Cruise Line, Inc.*, No. 1:14 CV 1374, 2016 WL 1109042, at *5 (N.D. Ohio Mar. 18, 2016) (dismissing TCPA vicarious liability claim because allegations were "sparse" and "did not allege facts that show [the defendant] . . . had any power to give interim instructions or otherwise had control over the performance of" alleged callers); *Bank v. All. Health Networks, LLC*, No. 15-CV-213 (JG)(VMS), 2015 WL 4645317, at *1 (E.D.N.Y. Aug. 4, 2015) (holding that "alleging merely that the calls at issue were 'by, or on behalf of, or with the authorization of the defendants'" was insufficient to state a TCPA claim for vicarious liability).

Further, with respect to apparent authority and ratification, there are no allegations that either Ratan Baid or Vivek Baid held out the supposed telemarketers as possessing sufficient authority to act on their behalf, and no allegations that they relied on the individual Defendants' conduct. Thus, apparent authority does not exist. *See Keating v. Peterson's Nelvet, LLC*, 615 F. App'x 365, 374 (6th Cir. 2015) (explaining the limitations of apparent authority).

Likewise, Dobronski also does not sufficiently plead ratification. "Although a principal is liable when it ratifies an originally unauthorized tort, the principal-agent relationship is still a requisite, and ratification can have no meaning without it." *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 680 (9th Cir. 2014) (citation omitted). Without allegations to sufficiently plead an agency relationship between the individual Defendants and the unnamed third-party callers, ratification could not have occurred. *See Johanson v. HomeAdvisor, Inc.*, 218 F. Supp. 3d 577, 586-87 (S.D. Ohio 2016) (explaining that ratification has no meaning in a TCPA case where the principal-agent relationship does not exist); *Murray v. Choice Energy, LLC*, No. 1:15-cv-60, 2015 WL 4204398, at *6 (S.D. Ohio July 10, 2015) (finding no ratification and dismissing TCPA claim).

***

Because Dobronski fails to plausibly allege that the individual Defendants Ratan Baid or Vivek Baid could be directly or vicariously liable for the claims against them, all Counts against them should be dismissed.

**B.   Count I should be dismissed because Dobronski was not charged for the calls he received and because Dobronski does not plausibly allege that Defendants called a wireless telephone line.**

Count I alleges that Defendants violated 47 C.F.R. § 64.1200(a)(1)(iii), which prohibits non-consensual calls to a telephone number assigned to a cellular telephone service or any service for which the called party is charged for the call. Here, Dobronski's claim is predicated on phone calls made to a VoIP phone number, a subset of internet telephony, administered by a service called Bandwidth.com. Long and short, Dobronski was not charged for any of the calls he received and thus the calls would not implicate the TCPA. Courts have dismissed TCPA suits involving VoIP numbers because "there is no indication that the internet telephony service is a . . . cellular telephone service . . . or any service for which the called party is charged for the call." *Daniel v. West Asset Mgmt., Inc.*, No. 11-10034, 2011 WL 3207790, at *1-2 (E.D. Mich. Jul. 27, 2011). Other courts have expressed similar doubts on whether calls to VoIP phone numbers would implicate the TCPA. *See Nieto v. Allied Interstate, Inc.*, No. CCB-13-3495, 2014 WL 4980376, at *3 (D. Md. Oct. 3, 2014), (noting that it was unclear if plaintiff's VoIP service "was the kind that falls within the

TCPA."), *aff'd sub nom. Nieto v. Allied Interstate, LLC*, 599 F. App'x 74 (4th Cir. 2015).

To the extent the Court finds that VoIP calls may implicate the TCPA, Count I should also be dismissed because 734-641-2323 is a fax number, not a cellular telephone service, and there are no plausible allegations that Dobronski would have been charged for receiving calls at his fax machine, which further justifies dismissal.

It bears noting that it's the same conclusion even if Dobronski forwarded calls from his business fax machine line to his cell phone. The FCC has explained:

> We also agree with the [petitioner] that a call placed to a [land]line number that is then forwarded, at the subscriber's sole discretion and request, to a wireless number or service, does not violate the ban on autodialed and prerecorded wireless calls to wireless numbers. Action on the part of any residential subscriber to forward certain calls from their wirelines device to their wireless telephones does not subject telemarketers to liability under the TCPA.

*In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 20 F.C.C. Rcd. 3788, 3807 (2005). As such, since the calls at issue were made to a fax machine running over VoIP, they did not violate 47 C.F.R. 1200(a)(1)(iii), and Count I should be dismissed.

**C. Counts II and VI should be dismissed because Dobronski's business fax number is not a residential telephone number and because business numbers cannot be registered on the National Do Not Call Registry.**

Count II asserts a claim under 47 C.F.R. § 64.1200(c)(2), in which Dobronski alleges that calls 1-26 violate the TCPA because "Defendants or Defendants' agent

initiated a telephone solicitation to a residential telephone subscriber whose telephone number is listed on the National Do Not Call Registry of persons who do not wish to receive telephone solicitations." (Dkt. # 1, Compl. ¶ 128). Count VI alleges a violation of M.C.L. § 445.111a(5) and/or § 445.111b(1) and/or § 445.111c(1)(g), which, like the TCPA's do-not-call provisions, apply to residential phone numbers. There are several problems with these claims.

First, as discussed above, publicly available records, including public filings with the Federal Communications Commission, show that Dobronski holds out the phone number he alleges Defendants called in this case, 734-641-2323, as a business fax number directly affiliated with Dobronski's companies Adrian & Blissfield, TeleTech, Inc., and RailTech, LLC. This poses a serious problem for Dobronski because "business numbers are not permitted to be registered on the National Do Not Call Registry." *Shelton v. Target Advance LLC*, No. 18-2070, 2019 WL 1641353, at *6 (E.D. Pa. Apr. 16, 2019) (citing *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Red. 9779, 9785 (June 17, 2008) ("As the Commission has previously stated, the National Do Not Call Registry applies to 'residential subscribers' and does not preclude calls to businesses.")).[2] Second,

---

[2] *See also National Do Not Call Registry FAQs*, Fed. Trade Comm'n, consumer.ftc.gov/articles/national-do-not-call-registry-faqs (last accessed Apr. 4, 2024) ("The Registry is for personal phone numbers. Business phone numbers and fax lines are not covered.").

Dobronski's business fax number is administered by Bandwidth.com. According to Bandwidth.com's Law Enforcement and Legal Compliance Guide, "Bandwidth serves business customers directly. Bandwidth does not serve residential users."[3] This is further proof that Dobronski's number is not a residential number, and thus Counts II and VI should be dismissed.

Since the phone number at issue in this case is a business fax number, and because the National Do Not Registry does not apply, Counts II and VI should be dismissed. *See*, *e.g.*, *Barton v. LeadPoint, Inc.*, No. 22-35130, 2023 WL 4646103, at *1 (9th Cir. July 20, 2023) (mem. op.) (affirming grant of motion to dismiss where "the number that received the messages prompting this action is not a residential phone number within the meaning of the TCPA"); *Shelton*, 2019 WL 1641353, at *6 ("[B]ecause Plaintiff held the Phone Number out to the world as a business phone number, he could not register it on the national do-not-call registry for purposes of avoiding business-to-business calls, such as those giving rise to this action."). *Bank v. Indep. Energy Grp. LLC*, No. 12-CV-1369 (JG)(VMS), 2015 WL 4488070, at *2 (E.D.N.Y. July 23, 2015) (concluding that a telephone line that is held out to the public as a business line does not constitute a residential phone number).

---

[3] *Law Enforcement and Legal Compliance Guide*, BANDWIDTH, [bandwidth.com/legal/law-enforcement-guide/](bandwidth.com/legal/law-enforcement-guide/) (last accessed Feb. 21, 2024).

**D.    Counts III and V should be dismissed because the cited regulations apply only to residential numbers and because the cited regulations cover only calls made without implementing proper procedures.**

Counts III and V assert claims pursuant to 47 C.F.R. §§ 64.1200(d)(6) and (d)(1), respectively, alleging a failure to have a written policy, available upon demand, for maintaining a do-not-call list. (*Id.* ¶¶ 131, 137). Both claims fail for the simple reason that the cited regulations apply only to residential phone numbers. Indeed, Dobronski conveniently omits from his allegations the first line of § 64.1200(d), which specifically refers to prohibited calls to "residential telephone subscriber[s]." 47 C.F.R. §§ 64.1200(d). As discussed above, Dobronski's business fax number is not a residential number.

Furthermore, the only actionable violation under § 64.1200(d) is the initiation of a phone call without having implemented proper procedures. It is not a separate violation under the TCPA for a caller's alleged failure to provide a do-not-call policy. *Hamilton v. Voxeo Corp.*, Nos. 3:07-cv-404, 3:08-cv-279, 2009 WL 1868542, at *4 (S.D. Ohio June 25, 2009) (finding no liability for telemarketer's refusal to send the plaintiff its do-not-call policy under 47 C.F.R. § 64.1200(d)); *see Family First*, 2024 WL 575858, at *17-18 (same); *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 138-39 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d Cir. 2017). In this way, Dobronski hasn't stated proper claims in Counts III and V, and the Court should dismiss them.

**E.     Count IV should be dismissed because there is no private right of action under the cited regulation.**

Count IV asserts a claim pursuant to 47 C.F.R. § 64.1200(a)(7)(i), alleging that calls 2-5, 7, 9-23, and 25 violate the TCPA because "Defendants or Defendants' agent failed to, when a live sales representative was not available to speak with the called person, provide a prerecorded identification and opt-out message including an automated, interactive remote and/or key press-activated opt-out mechanism." (Compl. ¶ 134). This claim fails because there is no private cause of action under 47 C.F.R. § 64.1200(a)(7)(i). *Family First*, 2024 WL 575858, at *16 (citing *Dahdah v. Rocket Mortg., LLC*, 2023 WL 5941730, at *5 (E.D. Mich. Sept. 12, 2023)).

## IV.    CONCLUSION

For the reasons discussed above, the Court should grant Defendants' motion and dismiss the complaint in its entirety.

Date: April 8, 2024

Respectfully submitted,

**RATAN BAID and VIVEK BAID
d/b/a ELD MANDATE**

/s/ *Isaac J.* Colunga_____
Isaac J. Colunga (Ill. # 6289253)
(Admitted E.D. Mich.)
Benjamin S. Morrell (Ill. # 6341896)
(Admitted E.D. Mich.)
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
icolunga@taftlaw.com
bmorrell@taftlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the date listed below, he electronically filed the foregoing with the Clerk of the U.S. District Court for the Eastern District of Michigan through the Clerk's CM/ECF filing system, which will send notification of this filing to all attorneys and parties of record who are registered with CM/ECF, and sent the foregoing by U.S. Mail, First Class to:

Mark W. Dobronski,
P.O. Box 85547
Westland, MI 48185-0547

Date: April 8, 2024

/s/ Isaac J. Colunga
*Counsel for Defendants*