DocuSign Envelope ID: 93EA07FB-B0AE-4FEF-8B03-6109EC3E33ED

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

          Plaintiff,

v.

                                            Case No. 24-cv-10297

                                            District Judge Steeh

RATAN BAID and VIVEK BAID,            Magistrate Judge Grand
d/b/a ELD MANDATE,

          Defendants.

## **VERIFIED DECLARATION**

1.      I, Sophie E. Honeyman, am over the age of 18 and am a resident of the State of Illinois. I have personal knowledge of the facts set forth herein, and am competent to state them.

2.      Prior to April 8, 2024, I was an attorney with Ice Miller LLP ("Ice Miller"). Alongside Isaac Colunga, I began representing Defendants Ratan Baid and Vivek Baid in this action while employed with Ice Miller.

3.      Defendants were served with Plaintiff Mark W. Dobronski's complaint on February 9, 2024, meaning that Defendants' answer or other responsive pleading was initially due March 1, 2024.

4.      On February 23, 2024, I first contacted Mr. Dobronski by emailing him a letter outlining the weaknesses of his complaint and Defendants' theories of defense. (*See* **Exhibit A**.)

5.      I first spoke to Mr. Dobronski on the phone that same day. I called Mr. Dobronski from my cell phone and we discussed theories of the case and settlement possibilities, and agreed to a 30-day extension of time for Defendants to answer or otherwise respond to the complaint. (*See* **Exhibit B**, at 16–21; *see also* D.E. 9.)

6.     Mr. Dobronski and I had several conversations thereafter, both by email and phone, wherein we discussed settlement offers and demands. (*See generally* Ex. B.) Each time we spoke by phone, I called Mr. Dobronski from my cell phone; he has therefore been in possession of my cell phone number since the first time we spoke.

7.     On March 26, 2024, I emailed Mr. Dobronski requesting an additional two-week extension of time for Defendants to answer or otherwise respond to the complaint. I explained that Mr. Colunga and I would both be moving to a new firm. (*See* Ex. B, at 4–5.) Mr. Dobronski inquired as to whether the new firm was Taft Stettinius & Hollister LLP ("Taft"), to which I replied that it was. (*Id.* at 4.)

8.     Mr. Dobronski did not agree to the requested two-week extension of time on the basis that he did not like Taft attorneys, but ultimately allowed Defendants an additional seven days. Defendants' answer or other pleading was therefore due, as Defendants understood it, on Monday, April 8, 2024. (Ex. B, at 1–2; *see also* D.E. 13.)

9.     Defendants decided to file a motion to dismiss in response to Mr. Dobronski's complaint. On Thursday, April 4, 2024, at approximately 1:40 PM Central Time, I called Mr. Dobronski from my cell phone in order to meet and confer regarding Defendants' intended motion to dismiss. Mr. Dobronski did not answer, so I left a voicemail explaining the reason for my call and requesting a call back to discuss.

10.    Recognizing that April 4, 2024, was my final day working for Ice Miller, I also emailed Mr. Dobronski immediately after I left a voicemail to let him know Defendants intended to file a motion to dismiss based on the issues raised in the February 23, 2024, letter I had previously sent to Mr. Dobronski. I re-attached the letter for his convenience and asked him to contact me when he could.

11. I am unable to reproduce this email because Ice Miller prematurely locked me out of my account and withdrew my access to my email account at approximately 4:00 PM that day. I had not received an email response from Mr. Dobronski prior to that point, and I had no way to know whether Mr. Dobronski responded thereafter.

12. Mr. Dobronski also did not return my phone call at any point, even though my cell phone number stayed the same and I had left him a voicemail requesting a call back.

13. Given that, at all times, Mr. Dobronski had my cell phone number and, further, was aware that both Mr. Colunga and I were transferring to Taft, there is no reason for him not to have either returned my call, attempted to locate my Taft email address, or simply contacted Mr. Colunga directly.

14. Defendants filed their motion to dismiss on April 8, 2024. (D.E. 15.)

15. On April 10, 2024, once I began working for Taft, I emailed Mr. Dobronski from my new work email address, shoneyman@taftlaw.com, stating "I just wanted to reach out with my new contact info now that I'm at Taft. My cell phone number is still the same . . . so feel free to contact me via phone or email if anything comes up." (*See* **Exhibit C**.)

16. To date, Mr. Dobronski has not responded to my emails dated April 4 and April 10, 2024, nor has he returned my phone call from April 4, 2024.

17. To be clear, Kelley Donnelly was not my co-counsel or colleague on April 4, 2024. (*See* D.E. 18 at 17–18.) I therefore was not aware that "Plaintiff was traveling" on April 4, 2024. (*Id.* at 17.)

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of May, 2024

DocuSigned by:
/s/ Sophie E. Honeyman
A3CF61D8686F4A8...
Sophie E. Honeyman

# EXHIBIT A

**Honeyman, Sophie E.**

| | |
|---|---|
| **From:** | Honeyman, Sophie <Sophie.Honeyman@icemiller.com> |
| **Sent:** | Friday, February 23, 2024 11:30 AM |
| **To:** | markdobronski@yahoo.com |
| **Cc:** | Colunga, Isaac |
| **Subject:** | Dobronski v. Baid et al., Case No. 24-10297 (E.D. Mich.) |
| **Attachments:** | 2024.02.23 - ELD Mandate Letter to Mark Dobronski-c.pdf |

Dear Mr. Dobronski,

On behalf of our clients in the above-captioned matter, please review the attached letter at your earliest convenience. We look forward to hearing from you soon.

Sincerely,

Sophie Honeyman

**Sophie Honeyman**  |  Associate (she/her)



**Office:** (872) 289-3746 | **Cell:** (805) 200-8406

200 W. Madison Street, Ste. 3500, Chicago, IL 60606

Sophie.Honeyman@icemiller.com  |  **ice**miller.com



200 West Madison | Suite 3500 | Chicago, IL 60606-3417

February 23, 2024

WRITER'S DIRECT NUMBER: 872-289-3746
EMAIL: Sophie.Honeyman@icemiller.com

**FOR SETTLEMENT PURPOSES ONLY**
**CONFIDENTIAL AND SUBJECT TO RULE 408**

**Via E-mail and Overnight Mail**

Mark W. Dobronski
P.O. Box 222
Dexter, MI 48130
markdobronski@yahoo.com

     *RE:*   *Dobronski v. Baid et al., Case No. 24-10297 (E.D. Mich.)*

Dear Mr. Dobronski :

     This firm represents Ratan Baid and his business, ELD Mandate, and we are in receipt of your lawsuit filed on February 5, 2024, Case No. 24-10297 (E.D. Mich.), whereby you allege that Mr. Baid and ELD Mandate have violated the Telephone Consumer Protection Act ("TCPA") and the Michigan Home Solicitation Sales Act ("MHSSA"). Your complaint indicates that you are not represented by legal counsel. If that has changed, please provide your counsel with this letter and ask them to contact us immediately.

     First and foremost, thank you for alerting us to the concerns raised in your complaint. Mr. Baid takes compliance with all state and federal laws very seriously. We are writing to correct some of the inaccurate allegations you've made in your complaint with the hope of amicably resolving this dispute without protracted litigation. We hope you review this letter closely, and **we have included a settlement offer at the end of this letter**.

     The federal government recently made electronic logging devices ("ELDs") the industry standard for truck drivers and carriers to accurately record and manage their activity.[1] As you are aware, Mr. Baid and his company provide ELDs and other web-based vehicle management systems in compliance with the Federal Motor Carrier Safety Administration ("FMCSA").[2] As such, ELD Mandate only markets its products and services to other businesses in the transportation industry. To be clear, ELD Mandate never markets to consumers; it only markets to businesses by contacting transportation companies that have made their contact information publicly accessible

---

[1] *See*, *e.g.*, *Electronic Logging Devices*, FMCSA, fmcsa.dot.gov/hours-service/elds/electronic-logging-devices (last accessed Feb. 21, 2024); Chauncey Crail et al., *What Is The ELD Mandate? (2024 Guide)*, FORBES (Dec. 22, 2022), forbes.com/advisor/business/eld-mandate/.

[2] *See ELD List*, FMCSA, https://eld.fmcsa.dot.gov/List (last accessed Feb. 21, 2024) (listing four self-certified ELDs provided by ELD Mandate); *see also* ELD MANDATE, https://www.eldmandate.biz/ (last accessed Feb. 21, 2024).

Mark W. Dobronski
February 23, 2024
Page 2

through the FMCSA's database. ELD Mandate does not buy leads, and it does not randomly call numbers. If a number does not appear in the FMCSA database, ELD Mandate would not call that number. Furthermore, ELD Mandate does not utilize an auto-dialer to make any calls. ELD Mandate uses a manual dialing system that does not have the capacity to create or store numbers using a random or sequential number generator.

We understand from previous lawsuits you've filed, as well as filings with the Michigan Secretary of State, that you are/were the President of Adrian & Blissfield Rail Road Company ("A&B"), U.S. Department of Transportation ("USDOT") #2427658. The phone number 734-641-2323 (the "Phone Number") was listed on the FMCSA's publicly available database as the business telephone number for A&B under USDOT #2427658. We can confirm that ELD Mandate obtained the Phone Number directly from the FMCSA database; there is no other way the Phone Number would have entered ELD Mandate's records unless it was listed as a business phone number on the FMCSA website.

Relatedly, contrary to your allegations, the Phone Number is not a residential number, but is instead a business telephone line. We are aware that the Phone Number is a Voice over Internet Protocol ("VoIP") number carried by bandwidth.com ("Bandwidth"). According to Bandwidth's Law Enforcement and Legal Compliance Guide, "Bandwidth serves business customers directly. Bandwidth does not serve residential users."[3] Furthermore, publicly available records, including public filings with the Federal Communications Commission, provide further evidence that the Phone Number has consistently been held out as a business number for companies directly affiliated with you, such as A&B, TeleTech, Inc., and RailTech, LLC. Under the circumstances, it's clear the Phone Number is a residential number. *See, e.g.*, *Bank v. Indep. Energy Grp. LLC*, 2015 WL 4488070, at *2 (E.D.N.Y. July 23, 2015) (a telephone line that is held out to the public as a business line does not constitute a residential phone number).

Still, your complaint alleges that Mr. Baid and ELD Mandate have violated various provisions of the TCPA (Counts I through V) and MHSSA (Count VI). These claims are not sustainable for several reasons.

### A. Lack of Standing

To begin, you do not have statutory standing for follow-up calls after your alleged "canary trap." In your complaint, you allege that on January 25, 2024, you received a call during which you "feigned interest and responded that [you] had a truck." (Compl. ¶ 79). In fact, you represented that you have "several trucks." (*Id.* ¶ 81). In your complaint you also allege that during this conversation you "engaged in an investigative technique known as a 'canary trap' and provided false, but unique controlled information to Quentin, including a false name of Charles Madison, a controlled address, and a controlled credit card number." (*Id.* ¶ 82).

This is surprising, as other courts have previously admonished you that this so-called "canary trap" equates to the provision of implied consent, thus rendering you without standing to pursue claims based on any follow-up calls. *See Dobronski v. Total Ins. Brokers, LLC*, 2021 WL

---

[3] *Law Enforcement and Legal Compliance Guide*, Bandwidth, bandwidth.com/legal/law-enforcement-guide/ (last accessed Feb. 21, 2024).

Mark W. Dobronski
February 23, 2024
Page 3

4452218, at \*4 (E.D. Mich. Sept. 29, 2021); *Dobronski v. Family First Life, LLC*, 2024 WL 575858, at \*9 (E.D. Mich. Jan. 19, 2024). Indeed, for alleged phone calls that you expressly encouraged by offering fake identifying information and feigning interest in the products being sold, you "cannot claim an injury-in-fact," and you accordingly lack standing as to these claims. *Family First*, 2024 WL 575858, at \*9.

Moreover, a "telephone solicitation" under the TCPA's do-not-call provisions "does not include a call 'to any person with whom the caller has an established business relationship.'" *Id.* (citing 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(14)(ii)). "Courts have found that an established business relationship exists where a call recipient feigns interest in a product in order to identify a caller." *Id.* (citing *Charvat v. Southard Corp.*, 2019 WL 13128407, at \*4 (S.D. Ohio Sept. 30, 2019); *Hamilton v. Spurling*, 2013 WL 1164336, at \*10 (S.D. Ohio Mar. 20, 2013); *Morris v. Copart*, 2016 WL 6608874, at \*9 (E.D. Tex. Nov. 9, 2016)). Here, the evidence will show that your established business relationship with ELD Mandate, and consequent lack of standing, dates back to at least December 15, 2023, when you feigned interest in ELD Mandate's products and explicitly requested a call back from an ELD Mandate supervisor. As it turns out, none of the 26 calls alleged in your complaint are actionable.

### B.   Count I

Count I asserts a claim pursuant to 47 C.F.R. § 64.1200(a)(1)(iii), whereby you allege that calls 1-26 violate the TCPA because "Defendants or Defendants' agent initiated a telephone call to a telephone line for which the called party is charged for the call using an automatic telephone dialing system without the prior express consent of the called party and there being no emergency." (Compl. ¶ 125). But as we've explained, ELD Mandate does not use an auto-dialer. Count I fails outright. *See Less v. Quest Diagnostics Inc.*, 515 F. Supp. 3d 715, 718 (N.D. Ohio 2021).

### C.   Counts II and VI

Count II asserts a claim pursuant to 47 C.F.R. § 64.1200(c)(2), whereby you allege that calls 1-26 violate the TCPA because "Defendants or Defendants' agent initiated a telephone solicitation to a residential telephone subscriber whose telephone number is listed on the National Do Not Call Registry of persons who do not wish to receive telephone solicitations." (Compl. ¶ 128). Count VI alleges a violation of the MHSSA pursuant to M.C.L. § 445.111a(5) and/or § 445.111b(1) and/or § 445.111c(1)(g).

These claims fail because 47 C.F.R. § 64.1200(c)(2), M.C.L. § 445.111a(5), and M.C.L. § 445.111b(1) only apply to residential phone numbers. As explained above, the Phone Number is a business number, not a residential number. Further, these claims pertain to the National Do-Not-Call Registry, but "business numbers are not permitted to be registered on the National Do Not Call Registry." *Shelton v. Target Advance LLC*, 2019 WL 1641353, at \*6 (E.D. Pa. Apr. 16, 2019) (citing *Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Red. 9779, 9785 (June 17, 2008) ("As the Commission has previously stated, the National Do Not Call Registry applies to 'residential subscribers' and does not preclude calls to businesses."); 47 C.F.R. § 64.1200(c)(2) (prohibiting telephone solicitation to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not

Mark W. Dobronski
February 23, 2024
Page 4

wish to receive telephone solicitations that is maintained by the Federal Government.")); *see also National Do Not Call Registry FAQs*, FTC, consumer.ftc.gov/articles/national-do-not-call-registry-faqs (last accessed Feb. 21, 2024) ("The Registry is for personal phone numbers. Business phone numbers and fax lines are not covered."). Indeed, business-to-business telemarketing calls—such as the ones you allege were made by ELD Mandate to the Phone Number—are not subject to the TCPA. 16 C.F.R. § 310.6(b)(7); *see also Q&A for Telemarketers & Sellers About DNC Provisions in TSR*, FTC, ftc.gov/business-guidance/resources/qa-telemarketers-sellers-about-dnc-provisions-tsr-0 (last accessed Feb. 21, 2024) (business-to-business calls "are exempt from the Do Not Call provisions."). In this way, Counts II and VI, are flawed.

Count VI also fails because, under the MHSSA, a "telephone solicitation" does not include "[a] voice communication to a residential telephone subscriber with that subscriber's express invitation or permission prior to the voice communication." M.C.L. § 445.111(m)(i). As already explained, the evidence will show that you expressly invited calls from ELD Mandate on approximately December 15, 2023, and numerous other times thereafter, including your admitted "canary trap" on January 25, 2024. Your claims under the MHSSA therefore fail for this additional reason.

### D.   Counts III and V

Count III asserts a claim pursuant to 47 C.F.R. § 64.1200(d)(6), whereby you allege that calls 2-26 violate the TCPA because "Defendants or Defendants' agent entity making the call for telemarketing purposes failed to honor Plaintiff's express request not to receive further telemarketing calls." (Compl. ¶ 131). Count V asserts a claim pursuant to 47 C.F.R. § 64.1200(d)(1), whereby you allege that calls 1-26 violate the TCPA because "Defendants failed to have a written policy, available upon demand, for maintaining a do-not-call list." (*Id.* ¶ 137).

Counts III and V are not viable because 47 C.F.R. § 64.1200(d) only applies to residential phone numbers, which the Phone Number is not for the reasons detailed above. Moreover, the only actionable violation under § 64.1200(d) is the initiation of the phone call without having implemented the proper procedures. *See Hamilton v. Voxeo Corp.*, 2009 WL 1868542, at *4 (S.D. Ohio June 25, 2009) (no liability for telemarketer's refusal to send its do-not-call policy under 47 C.F.R. § 64.1200(d)); *Family First*, 2024 WL 575858, at *17-18 (same); *Simmons v. Charter Communications, Inc.*, 222 F. Supp. 3d 121, 138-39 (D. Conn. 2016), *aff'd* 686 Fed. App'x 48 (2d Cir. 2017). You haven't stated proper claims in Counts III and V.

### E.   Count IV

Count IV asserts a claim pursuant to 47 C.F.R. § 64.1200(a)(7)(i), whereby you allege that calls 2-5, 7, 9-23, and 25 violate the TCPA because "Defendants or Defendants' agent failed to, when a live sales representative was not available to speak with the called person, provide a prerecorded identification and opt-out message including an automated, interactive remote and/or key press-activated opt-out mechanism." (Compl. ¶ 134).

Critically, there is no private cause of action under 47 C.F.R. § 64.1200(a)(7)(i), and thus Count IV fails from the outset. *Family First*, 2024 WL 575858, at *16. And on its face, your

Mark W. Dobronski
February 23, 2024
Page 5

complaint fails to state a claim under § 64.1200(a)(7). *Id.* (citing *Dahdah v. Rocket Mortgage, LLC*, 2023 WL 5941730, at *5 (E.D. Mich. Sept. 12, 2023)). Accordingly, Count IV fails, too.

**<u>Conclusion</u>**

Again, thank you for bringing these concerns to ELD Mandate's attention. Compliance with all applicable laws and regulations is very important to Mr. Baid and ELD Mandate. ██████ ██████████████████████████████████████████████████ Please get in touch with me or my colleague, Isaac Colunga, and let us know if you're willing to settle this matter without the expense of prolonged litigation. We look forward to your prompt response.

Sincerely,

**ICE MILLER LLP**

*/s/ Sophie Honeyman*

Sophie Honeyman
sophie.honeyman@icemiller.com

cc:   Isaac J. Colunga

# EXHIBIT B

**Honeyman, Sophie E.**

| | |
|---|---|
| **From:** | Mark Dobronski <markdobronski@yahoo.com> |
| **Sent:** | Thursday, March 28, 2024 12:29 PM |
| **To:** | sophie.honeyman@icemiller.com |
| **Subject:** | Re: Dobronski v. Baid et al., Case No. 24-10297 (E.D. Mich.) |

Sophie,

OK by me.  You may append my e-signature with consent, and file.

Mark D.


On Thursday, March 28, 2024 at 12:41:29 PM EDT, Sophie.Honeyman@icemiller.com <sophie.honeyman@icemiller.com> wrote:


Mark,


Attached, please find the draft stipulation for the second extension of time. Please review and let me know if I may affix your signature.


Thank you,


Sophie


**Sophie Honeyman** (she/her)

**Office:** (872) 289-3746 | **Cell:** (805) 200-8406


**From:** Honeyman, Sophie <Sophie.Honeyman@icemiller.com>
**Sent:** Tuesday, March 26, 2024 2:27 PM
**To:** Mark Dobronski <markdobronski@yahoo.com>
**Subject:** Re: Dobronski v. Baid et al., Case No. 24-10297 (E.D. Mich.)


Thank you, Mark.


Sophie Honeyman

Associate | Ice Miller LLP

Sophie.Honeyman@icemiller.com

(872) 289-3746

---

**From:** Mark Dobronski <markdobronski@yahoo.com>
**Sent:** Tuesday, March 26, 2024 2:25:53 PM
**To:** Honeyman, Sophie <Sophie.Honeyman@icemiller.com>
**Subject:** Re: Dobronski v. Baid et al., Case No. 24-10297 (E.D. Mich.)


Sophie,


7 days.  No more.


Something on the order of the company you keep.  My dealings with you have been always been pleasant.  I've dealt with IceMiller attorneys in the past, and those dealings were always pleasant.  But, my dealings with TSH are all scarred by lack of civility.


Had the firm been most any other than TSH, I would have consented to a month.


Mark D.


On Tuesday, March 26, 2024 at 03:14:24 PM EDT, Sophie.Honeyman@icemiller.com <sophie.honeyman@icemiller.com> wrote:



Mark,


I'm very sorry to hear of your experience, although I'm not sure what the firm has to do with your decision—you will still be dealing with me, not other Taft attorneys.


Would you be agreeable to a 7-day extension of time instead?

Sophie


Sophie Honeyman

Associate | Ice Miller LLP

Sophie.Honeyman@icemiller.com

(872) 289-3746

_____

From: Mark Dobronski <markdobronski@yahoo.com>

Sent: Tuesday, March 26, 2024 2:12:05 PM

To: Honeyman, Sophie <Sophie.Honeyman@icemiller.com>

Subject: Re: Dobronski v. Baid et al., Case No. 24-10297 (E.D. Mich.)


Sophie,


Respectfully, my response to you is "NO".  You have already had an extension.


My decision is driven by the fact that I have had dealings with Taft Stettinius ("TSH"), and they (leastwise, two attorneys) have engaged in unpleasant, rude, disrespectful, and unprofessional conduct. This is not a situation where TSH has been an advocate.  I expect any good attorney to engaged in zealous advocacy for their clients position.  But, unprofessional and uncivil behavior simply crosses a line that an ethical attorney should never cross.


My apologies.


Mark D.




On Tuesday, March 26, 2024 at 02:57:29 PM EDT, Sophie.Honeyman@icemiller.com <sophie.honeyman@icemiller.com> wrote:

Yes, it is.


Sophie Honeyman

Associate | Ice Miller LLP

Sophie.Honeyman@icemiller.com<mailto:Sophie.Honeyman@icemiller.com>

(872) 289-3746

_____

From: Mark Dobronski <markdobronski@yahoo.com<mailto:markdobronski@yahoo.com>>

Sent: Tuesday, March 26, 2024 1:56:33 PM

To: Honeyman, Sophie <Sophie.Honeyman@icemiller.com<mailto:Sophie.Honeyman@icemiller.com>>

Subject: Re: Dobronski v. Baid et al., Case No. 24-10297 (E.D. Mich.)


Sophie,


It is very nice to hear from you.  Is the "new" law firm Taft Stettinius?


Mark D.




On Tuesday, March 26, 2024 at 02:43:59 PM EDT,
Sophie.Honeyman@icemiller.com<mailto:Sophie.Honeyman@icemiller.com>
<sophie.honeyman@icemiller.com<mailto:sophie.honeyman@icemiller.com>> wrote:



Hi Mark,


Hope you're well. We're still talking things through on our end and have additionally encountered some delays as Isaac Colunga and I will be moving to a new firm and transferring the Baid file with us. In light of this, would you kindly be

4

agreeable to an additional two-week extension of time for Defendants to answer or otherwise plead or, ideally, settle this matter? This would make our new response date Monday, April 15th. I'll happily draft the stipulation and send for your approval before filing if you agree to this extension. Just let me know.


Thanks so much,


Sophie


Sophie Honeyman

Associate | Ice Miller LLP

Sophie.Honeyman@icemiller.com<mailto:Sophie.Honeyman@icemiller.com><mailto:Sophie.Honeyman@icemiller.com>

(872) 289-3746

_____

From: Mark Dobronski <markdobronski@yahoo.com<mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com>>

Sent: Tuesday, March 5, 2024 4:57:48 PM

To: Honeyman, Sophie <Sophie.Honeyman@icemiller.com<mailto:Sophie.Honeyman@icemiller.com><mailto:Sophie.Honeyman@icemiller.com>>

Subject: Re: Dobronski v. Baid et al., Case No. 24-10297 (E.D. Mich.)


You don't often get email from markdobronski@yahoo.com.<mailto:markdobronski@yahoo.com.><mailto:markdobronski@yahoo.com.> Learn why this is important<https://aka.ms/LearnAboutSenderIdentification>

No apologies necessary... been there, done that.  Sometimes I believe that I invented the concept of "overwhelmed."


Wednesday at 11 Central (12 Eastern) works for me.


MWD

On Tuesday, March 5, 2024 at 05:41:05 PM EST,
Sophie.Honeyman@icemiller.com<mailto:Sophie.Honeyman@icemiller.com><mailto:Sophie.Honeyman@icemiller.com>
<sophie.honeyman@icemiller.com<mailto:sophie.honeyman@icemiller.com><mailto:sophie.honeyman@icemiller.com>>
wrote:

My apologies for the delayed response, my day got away from me. I'll give you a call tomorrow around 11:00 central if that
works. Thanks!

Sophie Honeyman<https://www.icemiller.com/people> (she/her)

Office: (872) 289-3746 | Cell: (805) 200-8406

From: Mark Dobronski
<markdobronski@yahoo.com<mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com>>

Sent: Tuesday, March 5, 2024 1:52 PM

To: Honeyman, Sophie
<Sophie.Honeyman@icemiller.com<mailto:Sophie.Honeyman@icemiller.com><mailto:Sophie.Honeyman@icemiller.com
>>

Subject: Re: Dobronski v. Baid et al., Case No. 24-10297 (E.D. Mich.)

You don't often get email from
markdobronski@yahoo.com<mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com><mailto:markdobro
nski@yahoo.com>. Learn why this is important<https://aka.ms/LearnAboutSenderIdentification>

Wide open the rest of this afternoon.  And, available tomorrow, too.

MWD

On Tuesday, March 5, 2024 at 11:35:02 AM EST,
Sophie.Honeyman@icemiller.com<mailto:Sophie.Honeyman@icemiller.com><mailto:Sophie.Honeyman@icemiller.com>
<mailto:Sophie.Honeyman@icemiller.com>
<sophie.honeyman@icemiller.com<mailto:sophie.honeyman@icemiller.com><mailto:sophie.honeyman@icemiller.com><
mailto:sophie.honeyman@icemiller.com>> wrote:

Hi Mark,

Do you have time to chat this afternoon or tomorrow before 11:30 central?

Thanks,

Sophie

Sophie Honeyman<https://www.icemiller.com/people> (she/her)

Office: (872) 289-3746 | Cell: (805) 200-8406

From: Honeyman, Sophie

Sent: Thursday, February 29, 2024 1:26 PM

To: Mark Dobronski <markdobronski@yahoo.com<mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com>>

Subject: RE: Dobronski v. Baid et al., Case No. 24-10297 (E.D. Mich.)

Perfect. Talk to you then!

Sophie Honeyman<https://www.icemiller.com/people> (she/her)

Office: (872) 289-3746 | Cell: (805) 200-8406

From: Mark Dobronski
<[markdobronski@yahoo.com](mailto:markdobronski@yahoo.com)<mailto:markdobronski@yahoo.com><[mailto:markdobronski@yahoo.com](mailto:markdobronski@yahoo.com)><[mailto:markdobronski@yahoo.com](mailto:markdobronski@yahoo.com)>>

Sent: Thursday, February 29, 2024 1:25 PM

To: Honeyman, Sophie
<[Sophie.Honeyman@icemiller.com](mailto:Sophie.Honeyman@icemiller.com)<mailto:Sophie.Honeyman@icemiller.com><[mailto:Sophie.Honeyman@icemiller.com](mailto:Sophie.Honeyman@icemiller.com)><[mailto:Sophie.Honeyman@icemiller.com](mailto:Sophie.Honeyman@icemiller.com)>>

Subject: Re: Dobronski v. Baid et al., Case No. 24-10297 (E.D. Mich.)

You don't often get email from
[markdobronski@yahoo.com](mailto:markdobronski@yahoo.com)<mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com>. Learn why this is important<[https://aka.ms/LearnAboutSenderIdentification](https://aka.ms/LearnAboutSenderIdentification)>

Would love to hear from  you on Friday around 1PM.

MWD

On Thursday, February 29, 2024 at 02:10:29 PM EST,
[Sophie.Honeyman@icemiller.com](mailto:Sophie.Honeyman@icemiller.com)<mailto:Sophie.Honeyman@icemiller.com><mailto:Sophie.Honeyman@icemiller.com>
<mailto:Sophie.Honeyman@icemiller.com>
<[sophie.honeyman@icemiller.com](mailto:sophie.honeyman@icemiller.com)<mailto:sophie.honeyman@icemiller.com><[mailto:sophie.honeyman@icemiller.com](mailto:sophie.honeyman@icemiller.com)><[mailto:sophie.honeyman@icemiller.com](mailto:sophie.honeyman@icemiller.com)>> wrote:

No worries, tomorrow works. Can I give you a call around 1:00pm central?

Sophie Honeyman<https://www.icemiller.com/people> (she/her)

Office: (872) 289-3746 | Cell: (805) 200-8406

From: Mark Dobronski <markdobronski@yahoo.com<mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com>>

Sent: Thursday, February 29, 2024 12:23 PM

To: Honeyman, Sophie <Sophie.Honeyman@icemiller.com<mailto:Sophie.Honeyman@icemiller.com><mailto:Sophie.Honeyman@icemiller.com><mailto:Sophie.Honeyman@icemiller.com>>

Subject: Re: Dobronski v. Baid et al., Case No. 24-10297 (E.D. Mich.)

You don't often get email from markdobronski@yahoo.com<mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com>. Learn why this is important<https://aka.ms/LearnAboutSenderIdentification>

I have time on March 1.  I have a long depo scheduled on March 4, but MAY be available in the late afternoon.

On Thursday, February 29, 2024 at 12:51:03 PM EST,
Sophie.Honeyman@icemiller.com<mailto:Sophie.Honeyman@icemiller.com><mailto:Sophie.Honeyman@icemiller.com>
<mailto:Sophie.Honeyman@icemiller.com>
<sophie.honeyman@icemiller.com<mailto:sophie.honeyman@icemiller.com><mailto:sophie.honeyman@icemiller.com><
mailto:sophie.honeyman@icemiller.com>> wrote:

Mark,

Attached, please find file-stamped copies of the stipulation and notice of appearance which we have just filed. Thank you again for agreeing to a 30-day extension of time.

Additionally, I've spoken with our clients and would like to schedule a call to discuss settlement with you. Do you have availability to chat tomorrow (03/01) afternoon or Monday (03/04) afternoon?

Thanks so much,

Sophie

Sophie Honeyman<https://www.icemiller.com/people> (she/her)

Office: (872) 289-3746 | Cell: (805) 200-8406

From: Honeyman, Sophie

Sent: Thursday, February 29, 2024 11:20 AM

To: Mark Dobronski <markdobronski@yahoo.com<mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com>>

Subject: RE: Dobronski v. Baid et al., Case No. 24-10297 (E.D. Mich.)

Perfect, thanks so much. I'll send you the file-stamped copy once received.

Sophie Honeyman<https://www.icemiller.com/people> (she/her)

Office: (872) 289-3746 | Cell: (805) 200-8406

From: Mark Dobronski
<markdobronski@yahoo.com<mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com>>

Sent: Thursday, February 29, 2024 10:56 AM

To: Honeyman, Sophie
<Sophie.Honeyman@icemiller.com<mailto:Sophie.Honeyman@icemiller.com><mailto:Sophie.Honeyman@icemiller.com><mailto:Sophie.Honeyman@icemiller.com>>

Subject: Re: Dobronski v. Baid et al., Case No. 24-10297 (E.D. Mich.)

You don't often get email from
markdobronski@yahoo.com<mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com>. Learn why this is important<https://aka.ms/LearnAboutSenderIdentification>

I have no objection to the Stipulation.  You may affiix my e-signature with my consent and file.

MWD

On Thursday, February 29, 2024 at 11:33:45 AM EST,
Sophie.Honeyman@icemiller.com<mailto:Sophie.Honeyman@icemiller.com><mailto:Sophie.Honeyman@icemiller.com><mailto:Sophie.Honeyman@icemiller.com>
<sophie.honeyman@icemiller.com<mailto:sophie.honeyman@icemiller.com><mailto:sophie.honeyman@icemiller.com><mailto:sophie.honeyman@icemiller.com>> wrote:

Mark,

Just following up. Please let me know if the attached stipulation is acceptable, preferably by end of day today, so that I can file.

Thank you,

Sophie

Sophie Honeyman<https://www.icemiller.com/people> (she/her)

Office: (872) 289-3746 | Cell: (805) 200-8406

From: Honeyman, Sophie

Sent: Tuesday, February 27, 2024 11:58 AM

To: Mark Dobronski <markdobronski@yahoo.com<mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com>>

Subject: RE: Dobronski v. Baid et al., Case No. 24-10297 (E.D. Mich.)

Mark,

My apologies, please disregard the previous attachment and see the one attached here instead. Thank you!

Sophie Honeyman<https://www.icemiller.com/people> (she/her)

Office: (872) 289-3746 | Cell: (805) 200-8406

From: Honeyman, Sophie

Sent: Tuesday, February 27, 2024 11:28 AM

To: 'Mark Dobronski' <markdobronski@yahoo.com<mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com>>

Subject: RE: Dobronski v. Baid et al., Case No. 24-10297 (E.D. Mich.)

Hi Mark,

Hope you had a great weekend. Attached, please find the draft stipulation for extension of time. Please review and, if acceptable, affix your signature or allow me to do so for you. Once signed, we'll get this filed.

Please let me know if you have any questions or want to discuss.

Thanks so much,

Sophie

Sophie Honeyman<https://www.icemiller.com/people> (she/her)

Office: (872) 289-3746 | Cell: (805) 200-8406

From: Honeyman, Sophie

Sent: Friday, February 23, 2024 3:21 PM

To: Mark Dobronski <markdobronski@yahoo.com<mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com>>

Subject: RE: Dobronski v. Baid et al., Case No. 24-10297 (E.D. Mich.)

Mark,

Thanks again for taking time to chat with me today. This email just confirms that I'll pass our discussions along to my clients and I'll reach back out to you after that. As discussed, I'll also prepare the stipulation for a 30-day extension of time early next week and will send to you at this email address for approval before filing.

We'll talk soon. Have a great weekend,

Sophie

Sophie Honeyman<https://www.icemiller.com/people> (she/her)

Office: (872) 289-3746 | Cell: (805) 200-8406

From: Honeyman, Sophie

Sent: Friday, February 23, 2024 2:29 PM

To: 'Mark Dobronski'
<markdobronski@yahoo.com<mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com>>

Subject: RE: Dobronski v. Baid et al., Case No. 24-10297 (E.D. Mich.)

Mr. Dobronski,

Thank you for reaching out! I was in a meeting when you called, so I'm sorry I missed you. I'm going to call you back momentarily but wanted to alert you that the call will be coming from my cell phone, 805-200-8406, as I'm working from home today.

Talk soon,

Sophie

Sophie Honeyman<https://www.icemiller.com/people> (she/her)

Office: (872) 289-3746 | Cell: (805) 200-8406

From: Mark Dobronski
<markdobronski@yahoo.com<mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com>>

Sent: Friday, February 23, 2024 1:45 PM

To: Honeyman, Sophie
<Sophie.Honeyman@icemiller.com<mailto:Sophie.Honeyman@icemiller.com><mailto:Sophie.Honeyman@icemiller.com><mailto:Sophie.Honeyman@icemiller.com>>

Subject: Re: Dobronski v. Baid et al., Case No. 24-10297 (E.D. Mich.)

You don't often get email from
markdobronski@yahoo.com<mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com><mailto:markdobronski@yahoo.com>. Learn why this is important<https://aka.ms/LearnAboutSenderIdentification>

Hi Sophie!

Tried calling you, but you were out.

Happy to talk with you regarding your letter.  Please feel free to call me at (734) 330-9671... no robocalls; no sales pitches, please.

MWD

On Friday, February 23, 2024 at 12:30:36 PM EST,
Sophie.Honeyman@icemiller.com<mailto:Sophie.Honeyman@icemiller.com><mailto:Sophie.Honeyman@icemiller.com>
<mailto:Sophie.Honeyman@icemiller.com>
<sophie.honeyman@icemiller.com<mailto:sophie.honeyman@icemiller.com><mailto:sophie.honeyman@icemiller.com><
mailto:sophie.honeyman@icemiller.com>> wrote:

Dear Mr. Dobronski,

On behalf of our clients in the above-captioned matter, please review the attached letter at your earliest convenience. We
look forward to hearing from you soon.

Sincerely,

Sophie Honeyman

Sophie Honeyman<https://www.icemiller.com/people>  |  Associate (she/her)

[cid:mXoRPocLhD4mBfxjujZB]<http://www.icemiller.com/>

Office: (872) 289-3746 | Cell: (805) 200-8406

200 W. Madison Street, Ste. 3500, Chicago, IL 60606

Sophie.Honeyman@icemiller.com<mailto:Sophie.Honeyman@icemiller.com><mailto:Sophie.Honeyman@icemiller.com>
<mailto:Sophie.Honeyman@icemiller.com> | icemiller.com<http://www.icemiller.com/>

********************************************************************************************************************************
*****************

CONFIDENTIALITY NOTICE: This E-mail and any attachments are confidential and may be protected by legal privilege. If
you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any
attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the
sender and delete this copy from your system.

Thank you.

ICE MILLER LLP

********************************************************************************************************************************
*****************

# EXHIBIT C

**Honeyman, Sophie E.**

---

| | |
|---|---|
| **From:** | Honeyman, Sophie E. |
| **Sent:** | Wednesday, April 10, 2024 9:53 AM |
| **To:** | markdobronski@yahoo.com |
| **Cc:** | Colunga, Isaac J. |
| **Subject:** | Dobronski v. Baid et al. - New Contact Info |

Hi Mark,

Hope this email finds you well. I just wanted to reach out with my new contact info now that I'm at Taft. My cell phone number is still the same (805-200-8406), so feel free to contact me via phone or email if anything comes up.

Thanks so much,

Sophie