UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

    Plaintiff,

v.

RATAN BAID and VIVEK BAID,
d/b/a ELD MANDATE,

    Defendants.
_____/

Case No. 24-10297

Hon. George Caram Steeh

OPINION AND ORDER DENYING
DEFENDANTS' MOTION TO DISMISS (ECF NO. 15)

Before the court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, Defendants' motion is denied.

BACKGROUND FACTS

Plaintiff Mark W. Dobronski, appearing pro se, brought this action pursuant to the Telephone Consumer Protection Act ("TCPA") and Michigan Home Solicitation Sales Act ("MHSSA"). He alleges that his residential and cellular phones have been "besieged" by intrusive telemarketing calls, although his residential telephone number, (734) ***-2323, is registered on the national Do Not Call list. ECF No. 1 at ¶¶ 31-32. He is charged on a

"per call and per minute basis" for calls to his residential telephone number. *Id.* at ¶ 33.

The complaint alleges that Defendants Ratan Baid and Vivek Baid are owners of ELD Mandate, a partnership that markets products and services to truck drivers. ECF No. 1 at ¶¶ 6, 55. ELD Mandate, itself or through third parties, engages in telemarketing using automated telephone dialing systems to solicit customers. *Id.* at ¶¶ 57, 66, 73. Plaintiff alleges that he received twenty-six calls from telemarketers representing ELD Mandate and that the calls continued after he requested to be taken off their list. When he answered each call, there was a "click" sound and a five-second delay, which he contends is a characteristic of an automated telephone dialing system. *Id.* at ¶¶ 65-66. During one call, Plaintiff provided false information (a "canary trap") in order to determine the source of the calls. *Id.* at ¶¶ 81-87. Subsequently, his financial institution informed him that ELD Mandate attempted to charge his credit card account. *Id.* at ¶ 87. During several of the calls, the telemarketers stated they represented ELD Mandate. *Id.* at 65, 77, 93, 102, 112. Plaintiff identified other calls as originating on behalf of ELD Mandate based upon phone number calling.

Plaintiff's complaint alleges the following causes of action: Count I, violation of the TCPA based upon an unauthorized autodialer call (47 C.F.R.

- 2 -

§ 64.1200(a)(1)(iii)); Count II, violation of the TCPA for calling a number on Do Not Call registry (47 C.F.R. § 64.1200(c)(2)); Count III, violation of the TCPA for failing to honor do-not-call demand (47 C.F.R. § 64.1200(d)(6)); Count IV, violation of the TCPA for failing to provide opt-out capability (47 C.F.R. § 64.1200(a)(7)(i); Count V, violation of the TCPA for failure to maintain or provide a written policy for a do-not-call list (47 C.F.R. § 64.1200(d)(1)); and Count VI, violation of the MHSSA, M.C.L. § 445.111a(5). Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LAW AND ANAYSIS

I. Standard of Review

To survive a motion to dismiss, a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999) (internal quotation marks omitted).

When ruling on a motion to dismiss, the court may "consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Sixth Circuit has cautioned that "[c]ourts may consider public records for the truth of the statements contained within them only when the 'contents prove facts whose accuracy cannot reasonably be questioned.'" *Elec. Merchant Sys. LLC v. Gaal*, 58 F. 4th 877, 883 (6th Cir. 2023) (quoting *Passa v. City of Columbus*, 123 Fed. Appx. 694, 697 (6th Cir. 2005)).

II. <u>Violations of Local Rules</u>

Plaintiff argues that Defendants' motion should be denied because they did not comply with LR 7.1, requiring the moving party to seek concurrence, or serve him with the motion papers. It appears that Plaintiff had actual notice of the motion and that Defendants' counsel attempted to contact him before filing. In light of the lack of actual prejudice to Plaintiff and the court's preference for deciding cases on the merits, the court is not inclined to deny Defendants' motion on this basis. The court notes that it expects both counsel and unrepresented parties to comply with the rules

and the court's civility principles. *See* Administrative Order 08-AO-009 (E.D. Mich. 2008).

### III. Direct or Vicarious Liability

Defendants argue that all of Plaintiff's claims should be dismissed because he has failed to allege direct or vicarious liability on the part of Ratan Baid or Vivek Baid, as the complaint does not allege that they actually made or directed the calls. The TCPA makes it unlawful "to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call. . . ." 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 U.S.C. § 227(c)(5). Although a defendant "may not have 'made' or 'initiated' the calls or text messages that actually are placed by third parties, the FCC concluded that such defendants still 'may be held vicariously liable . . . for TCPA violations . . . under a broad range of [federal common-law] agency principles, including not only formal agency, but also principles of apparent authority and ratification." *Keating v. Peterson's Nelnet, LLC*, 615 Fed. Appx. 365, 371-72 (6th Cir. 2015) (quoting Declaratory Ruling 13–54, *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of America, and the States of California, Illinois, North Carolina, and Ohio for*

*Declaratory Ruling Concerning the Telephone Consumer Protection Act (TCPA) Rules,* 28 FCC Rcd. 6574 (May 9, 2013) (*Dish Network*)).

Keeping in mind the procedural posture of this case, Plaintiff must allege sufficient factual content to plausibly claim that Defendants are vicariously liable for the calls; he is not required to prove his case at this stage. He alleges that callers identified themselves as representing ELD Mandate, that calls were placed on behalf of ELD Mandate based upon the phone number calling, and that ELD Mandate attempted to charge his credit card. These allegations are sufficient to infer that ELD Mandate was responsible for the calls. *See Dobronski v. Fam. First Life, LLC*, No. 22-CV-12039, 2024 WL 1342668, at *8 (E.D. Mich. Mar. 29, 2024); *Hartley-Culp v. Green Tree Servicing, LLC*, 52 F. Supp.3d 700, 704 (M.D. Pa. 2014) (allegations sufficient when complaint stated that speaker was calling "on behalf of Fannie Mae"). Plaintiff also alleges that ELD Mandate is a partnership owned by Ratan Baid and Vivek Baid. "Generally, partners are individually liable for torts committed by their firm or other partners when they are acting within the scope of its business whether they personally participate or not." *Doe v. Peterson*, 784 F. Supp. 2d 831, 844 (E.D. Mich. 2011) (citing *McIntyre v. Kavanaugh,* 242 U.S. 138, 139, 37 S.Ct. 38, 61

L.Ed. 205 (1916)). Under the circumstances, Plaintiff's allegations plausibly state a claim of vicarious liability against Defendants.

IV.  <u>Counts I, II, III, V, and VI</u>

Defendants argue that Counts I, II, III, V, and VI should be dismissed because the alleged phone calls do not implicate the TCPA or MHSSA. Generally, the statutes and regulations apply to calls to cellular telephones, calls for which the recipient pays for the call, and residential telephone subscribers. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200; M.C.L. §§ 445.111a, 445.111b. Citing various publicly available databases, Defendants contend that Plaintiff's phone number, (734) ***-2323, is a "VoIP phone number, a subset of internet telephony, administered by a service called Bandwidth.com," and that Plaintiff does not pay per call. ECF No. 15 at PageID 74. Defendants also assert that this number is associated with a business fax machine connected to Plaintiff's companies, not a cellular phone or residence.

Plaintiff responds that the information relied upon by Defendants is "ancient history." He states that the phone number at issue, although previously a business number, was relocated to his personal fax machine at his residence and if a call comes in from a non-fax number, he answers it. He further asserts that his phone service is not provided by

Bandwith.com, and that he is charged both on a per call and per minute basis. *See* ECF No. 1 at ¶¶ 31-33.

Defendants contend that the information they gleaned from publicly available internet databases, such as PartnerCarrier.com, AllBiz.com, and NumLookup.com, should prevail over the allegations in Plaintiff's complaint. The flaw in Defendants' argument is that the court cannot consider matters outside of the complaint on a motion to dismiss. Although Defendants characterize their exhibits as "public records," they are not the type of uncontroverted public records that the court may consider on a motion to dismiss. "[I]n general a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned." *Passa v. City of Columbus*, 123 Fed. Appx. 694, 697 (6th Cir. 2005); *see also* Fed. R. Evid. 201 (court may judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Printouts of information obtained from internet databases, whose accuracy has not been established, do not qualify. The court cannot accept the truth of the information provided in Defendant's exhibits, "in order to preserve [Plaintiff's] right to a fair hearing." *Passa*, 123 Fed. Appx. at 697. To the extent Defendants' motion is predicated upon the argument that Plaintiff's

phone number is truly a business fax number or a VoIP number for which Plaintiff is not charged for calls, it is denied.

Defendants submit an additional reason for the dismissal of Count V. In that count, Plaintiff alleges that the calls he received violated 47 C.F.R. § 64.1200(d)(1) because Defendants did not have a written policy, available on demand, for maintaining an internal do-not-call list. ECF No. 1 at ¶¶ 68, 85, 137. Defendants argue that it "is not a separate violation under the TCPA for a caller's alleged failure to provide a do-not-call policy." Defendants misconstrue the complaint's allegations. Plaintiff is not alleging that Defendants violated the TCPA solely by failing to provide him with a written do-not-call policy. Rather, he alleges that Defendants' *calls* violated 47 C.F.R. § 64.1200(d)(1) because they failed to have a written policy for maintaining a do-not-call list. ECF No. 1 at ¶ 137. These allegations state a claim under § 64.1200(d)(1). *See Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 632 (6th Cir. 2009) ("The 'violation of the regulations' is therefore the initiation of the phone call without having implemented the minimum procedures."); *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 791 (E.D. Mich. 2020) ("[A] private right of action exists for a violation of 47 C.F.R. § 64.1200(d)(1)."); *Hamilton v. Voxeo Corp.*, 2009 WL 1868542, at *4 (S.D. Ohio June 25, 2009) (noting that although the plaintiff "cannot

recover for United Health's refusal to send him its do-not-call policy," he can "recover for a call made at a time when United Health did not have such a policy in place"). Accordingly, Defendants' argument on this issue is unavailing.

V. <u>Count IV</u>

Defendants assert that Count IV should be dismissed because there is no private right of action under 47 C.F.R. § 64.1200(a)(7)(i). The TCPA provides for a private right of action "based upon a violation of this subsection or the regulations prescribed under this subsection." 47 U.S.C. § 227(b)(3); § 227(c)(5). One of the regulations promulgated under § 227 is 47 C.F.R. § 1200(a)(7)(i), which addresses abandoned calls:

> (i) Whenever a live sales representative is not available to speak with the person answering the call, within two (2) seconds after the called person's completed greeting, the telemarketer or the seller must provide:
> (A) A prerecorded identification and opt-out message that is limited to disclosing that the call was for "telemarketing purposes" and states the name of the business, entity, or individual on whose behalf the call was placed, and a telephone number for such business, entity, or individual that permits the called person to make a do-not-call request during regular business hours for the duration of the telemarketing campaign; provided, that, such telephone number may not be a 900 number or any other number for which charges exceed local or long distance transmission charges, and
> (B) An automated, interactive voice- and/or key press-activated opt-out mechanism that enables the called person to make a do-not-call request prior to terminating the call, including brief explanatory instructions on how to use such mechanism. When

> the called person elects to opt-out using such mechanism, the mechanism must automatically record the called person's number to the seller's do-not-call list and immediately terminate the call.

47 C.F.R. § 64.1200(a)(7)(i). Plaintiff alleges that Defendants violated this provision with respect to several calls because they did not provide an opt-out mechanism when a live sales agent was not available to connect the call.

Defendants' argument that there is no private right of action under this provision is relatively cursory. They rely on *Dobronski v. Fam. First Life, LLC*, No. 22-CV-12039, 2024 WL 575858, at *16 (E.D. Mich. Jan. 19, 2024), *report and recommendation adopted in part, rejected in part*, 2024 WL 1342668 (E.D. Mich. Mar. 29, 2024). The *Family First* court also conducted little analysis of the issue, citing *Dahdah v. Rocket Mortg., LLC*, No. 22-11863, 2023 WL 5941730, at *5 (E.D. Mich. Sept. 12, 2023) and *Leyse v. Bank of Am., Nat'l Ass'n*, 2020 WL 1227410, at *7 (D.N.J. Mar. 13, 2020), *aff'd,* 856 Fed. Appx. 408 (3d Cir. 2021). However, neither *Dahdah* nor *Leyse* stand for the proposition that there is no private right of action under § 64.1200(a)(7)(i)(A). The court in *Dahdah* expressly found it "unnecessary to address" the issue of whether there is a private right of action under § 64.1200(a)(7), because the plaintiff nonetheless failed to state a claim. 2023 WL 5941730 at *5. The court in *Leyse* determined that

- 11 -

a call did not violate the TCPA because when the plaintiff "called the number in the abandoned call message, he was able to speak to representatives who asked if he wished to make a do-not-call request," thus demonstrating compliance with the regulations. *Leyse*, 2020 WL 1227410, at *7.

Other than to cite these inapposite cases, Defendants have not explained why the court should find that there is no private right of action under § 64.1200(a)(7)(i). "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citation omitted). Accordingly, Defendants' motion as to Count IV is denied.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' motion to dismiss (ECF No. 15) is DENIED.

Dated: August 29, 2024

                               s/George Caram Steeh
                               HON. GEORGE CARAM STEEH
                               UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 29, 2024, by electronic and/or ordinary mail and also on Mark W. Dobronski, PO Box 99, Dexter MI 48130.

s/LaShawn Saulsberry
Deputy Clerk